UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　Petitioner,<br><br>v.<br><br>KEN CLARK,<br><br>　　　　Respondent. | No. 1:21-cv-01346-JLT-EPG (HC)<br><br>**ORDER DENYING MOTION TO RECUSE, DENYING MOTION TO AMEND, ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>(Docs. 18, 23, 24) |

### I.   BACKGROUND

The magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be denied. (Doc. 23.) Petitioner filed objections, moved to amend the petition (Doc. 24), and lodged an amended petition. (Doc. 25.)

### II.   DISCUSSION

**A. Motion to Disqualify**

Petitioner moves for the undersigned to recuse herself pursuant to 28 U.S.C. § 144[1] and 28

---

[1] "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

1

U.S.C. § 455.² (Doc. 18.) "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (alteration in original) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). "Importantly, '[p]arties cannot attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity.'" *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (alteration in original) (quoting *United States v. Frias–Ramirez*, 670 F.2d 849, 853 n.6 (9th Cir. 1982)). As the Supreme Court has recognized, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). And "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* "Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.*; *accord United States v. Wilkerson*, 208 F.3d 794, 799 (9th Cir. 2000) ("To disqualify a judge, the alleged bias must constitute animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct." (internal quotation marks and citation omitted)).

A judge "must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate." *United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1200–01 (E.D. Cal. 2010). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985). The decision regarding disqualification is to be made by the judge whose impartiality is at issue. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986).

---

² A judge is required to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall also disqualify herself "[w]here [s]he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(b)(1).

The bases for Petitioner's motion for recusal are the undersigned's judicial rulings and actions in Petitioner's prior cases. These rulings in other cases do not bear on the objectivity and impartiality of the Court. There is no evidence of any impropriety in the record and the Court's actions in this matter or in Petitioner's prior cases do not even suggest such any degree of favoritism or antagonism that might warrant recusal. *See Liteky*, 510 U.S. at 555. Therefore, the undersigned will not recuse herself.

### B. Motion to Amend

On October 27, 2022, Petitioner filed objections to the findings and recommendation and moved to amend the petition. (Doc. 24.) That same day, Petitioner lodged an amended petition. (Doc. 25.) A party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). But "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (noting Fed. R. of Civ. P. 15 is applicable to habeas proceedings).

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility alone can justify a court's refusal to grant leave to amend." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

Petitioner claims that when he drafted the original petition he "was ill from the debilitating effects of anemia . . . which is known to affect cognitive abilities." (Doc. 24 at 1.) Petitioner appears to contend that his original petition is somehow deficient because he drafted it while suffering from anemia. However, after reviewing both the original petition and the lodged

3

amended petition, the Court cannot discern any notable change in substance between the two—the proposed amended petition raises the same claims, arguments, and facts. The amended petition merely appears to reword and reorganize the claims and arguments.

The proposed amended petition is substantively identical to the original petition. Given that the original petition has been fully briefed, the amended petition makes no substantive change and findings and recommendations on the merits have been issued, the Court **DENIES** Petitioner's motion to amend.

### C. Adoption of Findings and Recommendations

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court holds the findings and recommendation to be supported by the record and proper analysis. The magistrate judge correctly concluded that the claims do not have merit; the objections do not call these conclusions into question. The findings and recommendations will be adopted in full, and the Petition will be dismissed.

### D. Certificate of Appealability

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that Petitioner should be

allowed to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court will decline to issue a certificate of appealability.

### III.    ORDER

Accordingly, the Court **ORDERS**:

1. Petitioner's motion to recuse (Doc. 18) is **DENIED**.
2. Petitioner's motion to amend (Doc. 24) is **DENIED**.
3. The findings and recommendations issued on October 12, 2022 (Doc. 23) are **ADOPTED IN FULL**.
4. The petition for writ of habeas corpus is **DENIED**.
5. The Clerk of Court is directed to close the case.
6. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    **December 13, 2022**

_____
UNITED STATES DISTRICT JUDGE