**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>           Petitioner,<br><br>      v.<br><br>KEN CLARK,<br><br>           Respondent. | No. 1:21-cv-01346 JLT EPG (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO BE RELIEVED OF RULING/JUDGMENT<br><br>(Doc. 29) |

  Lawrence Christopher Smith is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  Petitioner now seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3).  (Doc. 29.)

**I.     BACKGROUND**

  Petitioner was charged with several crimes arising out of four incidents that occurred while he was an inmate at Corcoran State Prison. *People v. Smith*, No. F076167, 2020 WL 2520062, at *1 (Cal. Ct. App. May 18, 2020). On July 5, 2017, Petitioner was convicted by a jury in the Kern County Superior Court of three counts of obstructing/resisting an executive officer (counts 1, 3, 6); aggravated battery on a state prison officer (count 2); two counts of being a prisoner in possession of a weapon (counts 4, 7); and manufacturing a sharp instrument while in prison (count 5). (7 CT[1] 1838–51.) On August 2, 2017, Petitioner was sentenced to six

---

[1] "CT" refers to the Clerk's Transcript on Appeal lodged by Respondent. (Doc. 12.)

1

consecutive imprisonment terms of twenty-five years to life on counts 1, 2, 3, 4, 6, and 7. The court stayed execution of the twenty-five years to life term as to count 5. (7 CT 1911–13.)

On May 18, 2020, the California Court of Appeal, Fifth Appellate District, conditionally reversed the judgment and directed the trial court to disclose to Petitioner certain information pertaining to two internal affairs investigations and to give Petitioner "a reasonable opportunity to investigate the disclosed material and determine whether it would have led to any relevant and admissible evidence he could have presented at trial." *Smith*, 2020 WL 2520062, at *18. "If [Petitioner] can demonstrate a reasonable probability of a different outcome had the evidence been disclosed, the trial court must order a new trial. If [Petitioner] cannot, the judgment is to be reinstated." *Id*. In all other respects, the judgment was affirmed. *Id.* On August 12, 2020, the California Supreme Court denied Petitioner's petition for review. (LDs[2] 2 5, 6.) On April 30, 2021, Petitioner elected not to pursue a motion for new trial and requested that the judgment be reinstated. (LD 7.) Subsequently, Petitioner filed multiple state habeas petitions, which were all denied. (LDs 8–15.)

Petitioner filed a federal habeas petition, raising the following claims: (1) unreasonable search and seizure; (2) false evidence; (3) judicial bias; and (4) selective prosecution. (Doc 1.) Respondent filed an answer, and Petitioner filed a traverse and supplemental traverse. (Docs. 11, 21, 22.) On October 12, 2022, the magistrate judge issued Findings and Recommendations, recommending that the petition be denied. (Doc. 23.) On October 27, 2022, Petitioner filed objections and moved to amend the petition. (Doc. 24.) That same day, Petitioner lodged an amended petition. (Doc. 25.) On December 13, 2022, the Court denied Petitioner's motion to amend, adopted the Findings and Recommendations, and denied the petition. (Doc. 27.) Judgment was entered the same day. (Doc. 28.)

On January 6, 2023, Petitioner filed the motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3), which is now pending before the Court. (Doc. 29.) On January 12, 2023, Respondent filed a response. (Doc. 30.)

///

---

[2] "LD" refers to the documents lodged by Respondent. (Doc. 12.)

## II.     LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner moves for relief from judgment pursuant to Rule 60(b)(3), which "permits a losing party to move for relief from judgment on the basis of fraud, misrepresentation, or other misconduct of an adverse party." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir.) (citation, internal quotation marks omitted), *cert. denied*, 143 S. Ct. 486 (2022). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Id.* (citation and internal quotation marks omitted). "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect . . ." *Id.* (citation and internal quotation marks omitted).

## III.    DISCUSSION

In the instant matter, Petitioner challenged his 2017 Kern County convictions for crimes he committed while incarcerated. (Doc. 1.) In another pending habeas petition filed in this Court, Petitioner challenges his 2021 Kings County convictions for crimes he committed while incarcerated. (Petition, *Smith v. Clark*, No. 1:21-cv-01554-AWI-EPG, Doc. 1.) Petitioner alleges that on or around November 17, 2022, prison staff held an envelope earmarked for the Court's

3

attention for 27 days, supposedly on the basis of insufficient postage. Petitioner contends that the timing of the prison staff's action in holding the envelope for 27 days, in addition to the opposition of the motion to amend the sister petition and the allegations in the motion for contempt proceedings[3] in Case No. 1:21-cv-01554-AWI-EPG, support Petitioner's "position that the Courts dismissal of the Petition was a finding which the Respondent fraudulently obtained." (Doc. 29 at 2.)

The Court finds that Petitioner has not established by clear and convincing evidence that the judgment was obtained through fraud, misrepresentation, or other misconduct or that the conduct complained of prevented Petitioner from fully and fairly presenting his case. The three documents contained in the envelope that held by prison were: (1) a motion to consolidate petitions (Case No. 1:21-cv-1554-AWI-EPG); (2) a proposed traverse (Case No. 1:21-cv-1346-JLT-EPG); and (3) a motion to withdraw pleadings (both cases). (Doc. 29 at 2.) The Court notes the proposed traverse appears to have been filed on November 21, 2022. (*Compare* Doc. 29 at 8–42 *with* Doc. 26.) Notably, Petitioner had previously filed a traverse and supplemental traverse, (Docs. 21, 22), which were considered by the Court, (Doc. 23 at 2), and the Court had not authorized the filing of a second supplemental traverse. In the motion to withdraw pleadings, Petitioner sought to withdraw his prior motion to amend asserting "the proper course of action for [Petitioner] to have taken is to have sought to consolidate the current petition(s) [Petitioner has] before the Court and … then filing a reply to the Respondent's answers in one pleading[.]" (Doc. 29 at 7.) However, "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254. *See Bianchi v. Blodgett*, 925 F.2d 305, 308 (9th Cir. 1991) (citing an earlier version of the Habeas Rules).

Because Petitioner was not authorized to file a second supplemental traverse and consolidation would not be permitted under the Habeas Rules, the Court finds the prison staff's

---

[3] In the motion, Petitioner appears to take issue with the manner in which Respondent lodged the state court record in Case No. 1:21-cv-015540AWI-EPG. Petitioner also makes wide-ranging allegations regarding an alleged conspiracy against him involving various officials and complains of discovery issues in state court.

action in holding the envelope for 27 days[4] did not prevent Petitioner from fully and fairly presenting his case. Accordingly, Petitioner is not entitled to relief under Rule 60(b)(3), and the motion is denied.

### IV.    CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of relief, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. In *United States v. Winkles*, 795 F.3d 1134 (9th Cir. 2015), the Ninth Circuit held a certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion." *Id.*, 795 F.3d at 1142. If a court denies a Rule 60(b) motion in a § 2255 proceeding, a certificate of appealability should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." *Winkles*, 795 F.3d at 1143. "Given that section 2255 'was intended to mirror § 2254 in operative effect,' and that the language used in sections 2253(c)(1)(A) and (c)(1)(B) is functionally identical," *id.* at 1141 (citations omitted), the Court applies the standard set forth in *Winkles* to determine whether a certificate of appealability should issue regarding the denial of Petitioner's Rule 60(b) motion for relief from judgment arising out of the denial of his § 2254 petition. *See Payton v. Davis*, 906 F.3d 812, 818 n.8 (9th Cir. 2018) (recognizing that the analysis in *Winkles* applies to a motion for relief from judgment arising from the denial of a § 2254 petition).

The Court finds that jurists of reason would not find it debatable whether the Court abused its discretion in denying the Rule 60(b) motion for relief from judgment. Therefore, the Court declines to issue a certificate of appealability.

///

///

///

---

[4] The Court also notes that such action does not appear to constitute fraud, misrepresentation, or other misconduct.

5

**V.      ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Petitioner's motion to be relieved of ruling/judgment (Doc. 29) is **DENIED**.
2. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 23, 2023**

_____
UNITED STATES DISTRICT JUDGE