# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent. | No. 1:21-cv-01346-JLT-EPG (HC)<br><br>ORDER DISMISSING PETITIONER'S MOTION FOR RULE 59(e) RELIEF FOR LACK OF JURISDICTION<br><br>(Doc. 36) |

Lawrence Christopher Smith is a state prisoner who proceeded *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner filed a federal habeas petition, raising the following claims for relief: (1) unreasonable search and seizure; (2) false evidence; (3) judicial bias; and (4) selective prosecution. (Doc 1.) On October 12, 2022, the magistrate judge issued findings and recommendations recommending the petition be denied. (Doc. 23.) On December 13, 2022, the Court adopted the findings and recommendations and denied the petition. (Doc. 27.) the Court entered judgment that same day. (Doc. 28.)

On January 6, 2023, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3). (Doc. 29.) On March 23, 2023, the Court denied Petitioner's Rule 60(b)(3) motion. (Doc. 32.) On April 10, 2023, Petitioner filed a notice of appeal and the appeal was processed to the Ninth Circuit. (Docs. 32, 33.) On April 17, 2023, Petitioner filed the instant motion for Rule 59(e) relief. (Doc. 36.)

1

"Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment." *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007) (citing *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir. 1986)). *Accord Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984) ("In this circuit, the rule has generally been stated that the filing of a notice of appeal divests the district court of jurisdiction to dispose of the motion after an appeal has been taken, without a remand from this court." (quotation marks omitted) (quoting *Long v. Bureau of Economic Analysis,* 646 F.2d 1310, 1318 (9th Cir. 1981))). "The proper procedure, once an appeal has been taken, is to 'ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case.'" *Gould*, 790 F.2d at 772 (quotation marks omitted) (quoting *Scott*, 739 F.2d at 1466).

The basis for Petitioner's Rule 59(e) motion appears to be various actions by the California Department of Corrections and Rehabilitation that Petitioner alleges denied him access to the courts. (Doc. 36 at 2–4.) The Court notes that Petitioner's list of allegedly obstructive conduct mostly consists of actions that pre-date this habeas proceeding and concern matters outside of this habeas proceeding. Petitioner also appears to allege that CDCR obstructed receipt by the Court of a reply in support of his Rule 60(b)(3) motion. It is highly doubtful that a reply would have changed the Court's analysis in denying the Rule 60 motion. Therefore, the Court declines to entertain Petitioner's post-appeal Rule 59(e) motion. Accordingly, the Court **ORDERS** that Petitioner's Rule 59(e) motion (Doc. 36) is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **May 26, 2023**

UNITED STATES DISTRICT JUDGE

2